# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR PROWSE, | Civil Action No. 14-1270 (SDW) |
| Appellant, | |
| v. | **OPINION** |
| MBAZULIKE NWANKWO, | |
| Appellee. | May 2, 2014 |

**WIGENTON**, District Judge.

    Before this Court is *pro se* Appellant Hector Prowse's ("Appellant") appeal from a decision of the United States Bankruptcy Court, District of New Jersey, entered on August 26, 2013. In this decision, the Bankruptcy Court ordered that the real property located at 3 Huntsville Road, Andover, New Jersey ("Andover Property") was abandoned as of June 19, 2013 after finding that Mbazulike Nwankwo's ("Appellee") trustee satisfied the burden of demonstrating that said property is of inconsequential value to the bankruptcy estate.

    This Court has jurisdiction to hear appeals of final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **affirms** the Bankruptcy Court's Order.

## I. FACTUAL AND PROCEDURAL HISTORY[1]

Appellant claims that he is owed monies for unpaid working salaries, holidays, medical and dental benefits, working overtime, vacation time, sick days, construction assessment reports, and bi-weekly paychecks. Appellant claims that he filed suit against "MBA" and "Concost" in New York and New Jersey and won judgments against Appellee. After successfully obtaining judgments against Appellee, Appellant claims that he put a lien on one of Appellee's properties.

Thereafter, Appellee filed for Chapter 7 Bankruptcy. In connection with Appellee's bankruptcy proceedings, on June 17, 2013, the Honorable Rosemary Gambardella, U.S.B.J. for the District of New Jersey ("Judge Gambardella") heard oral argument regarding Appellee's filing of a notice of intention to abandon the Andover Property. On August 26, 2013, Judge Gambardella issued an Order abandoning the Andover Property having concluded that Appellee's trustee satisfied his burden of demonstrating that the Andover Property is of inconsequential value to the bankruptcy estate.

On February 27, 2014, Appellant filed the instant appeal. No opposition brief was filed. This Court notes that the June 17, 2014 hearing transcript was not provided to this Court by Appellant as directed in this Court's February 27, 2014 text order. Nevertheless, in the interest of efficiency, this Court has obtained the audio file from the June 17, 2014 hearing and has analyzed it before issuing this Opinion.

## II. LEGAL STANDARD

This Court reviews the Bankruptcy Court's "factual findings for clear error and its exercise of discretion for abuse thereof." *In re American Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir.

---

[1] Unless otherwise noted, the facts set forth in this Opinion are taken from Appellant's moving papers, filings, and the underlying record. This Court notes that Appellee has not filed an opposition to the instant appeal. Additionally, this Court notes that specific dates and details relating to the bankruptcy filings are not provided in the record.

2007) (internal citations omitted); *see also* Fed. R. Bankr. P. 8013.  A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed," even if there is evidence to support the finding.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d. Cir. 1999).  Additionally, this Court "is limited to review of the evidence before the Bankruptcy Court and which was made a part of the record at the time the [ ] decision was rendered." *Matter of Halvajian*, 216 B.R. 502, 509 (D.N.J. 1998) (stating that "in deciding the current appeal, [the] Court will disregard any pleadings not in the record before the Bankruptcy Court, in addition to any facts not supported by citations to the record").

**III.     DISCUSSION**

The bankruptcy court may order the Trustee to abandon property of the estate if it is "burdensome to the estate or . . . of inconsequential value and benefit to the estate."  *See* 11 U.S.C. § 554(a)-(b).  Abandonment is only permitted after notice and a hearing.  *Id.*; *see also* 11 U.S.C. § 102(1)(A);  Fed. R. Bankr. P. 6007.

During the June 17, 2013 oral argument, Judge Gambardella stated that the legal standard for abandonment of real property is derived from *In re Slack*, 290 B.R. 282 (Bankr. D.N.J. 2003), *aff'd*, 112 F. App'x 868 (3d Cir. 2004). She interpreted *Slack* as allowing her to defer to the good faith business judgment of the Trustee in deciding whether or not real estate should be abandoned under 11 U.S.C. § 554. (Oral Argument, *In re Mbazulike Nwankwo*, Bankr. No. 2:13-cv-13271, at 10:56am (Bankr. D.N.J. June 17, 2013).)

3

Judge Gambardella applied the *Slack* standard solely to the abandonment of the Andover Property. In doing so, she deferred to the Trustee's reliance on a comparative market analysis of the Andover Property conducted by Weichert Realtors which valued the Andover Property at approximately $485,000.00.[2] However, there were unpaid liens on the Andover Property totaling $983,872.95.[3] (Oral Argument, *In re Mbazulike Nwankwo*, Bankr. No. 2:13-cv-13271, at 10:53am (Bankr. D.N.J. June 17, 2013).) Because the property was financially underwater, the Trustee recommended that the bankruptcy court allow for the Andover Property to be abandoned as permitted by 11 U.S.C. § 554. (*Id.*) Judge Gambardella recognized that no parties present at the hearing provided alternative, credible, qualified, third-party valuation of the Andover Property to compare with the Weichert Realtors' comparative market analysis. (*Id.* at 10:51 a.m. to 11:10 a.m.)

> After hearing the parties' arguments, Judge Gambardella held that:
>
> The [c]ourt need only find that the Trustee used business judgment made in good faith based on the Trustee's business judgment, there's no equity left in the property for the benefit of the estate. So the Trustee in fact [is] obligated to administer the property and obligated not to continue to hold this property under the jurisdiction of the Court. . . . The Trustee has demonstrated sufficient grounds for the abandonment . . . [and] sustained his burden of showing that there is no equity in this property for creditors."

(*Id.* at 10:56 a.m., 11:04a.m.)

Based on a review of the record, this Court finds that Judge Gambardella's factual findings were not clearly erroneous. Specifically, in finding the fair market value of the Andover Property, the bankruptcy court rightfully relied upon the expert, independent, third-party comparative market

---

[2] "This analysis, specifically prepared for [the Debtor] . . .] was researched from reliable information currently available from the Multiple Listing Service. This comparative market analysis is not an appraisal and should not be considered the equivalent of an appraisal. The analysis however help[s] . . . establish a parameter of value." (Broker Price Opinion by Duffy F. Brennan, ECF No. 2:13-cv-13271, Dkt. # 19, Ex. A at 1.)

[3] $908,232.73 was owed to the mortgagee, New Century Bank, for an overdue First Mortgage and $31,527.55 was owed to the Andover Township Tax Collector. (*See* Information For Notice of Abandonment, Bankr. No. 2:13-cv-13271, Dkt. # 10-1 at 1, 2; Dkt #11 at 1.)

analysis of Weichert Realtors. While that valuation is not an appraisal, it is sufficiently substantiated for the bankruptcy court to have found that the Andover Property was financially underwater. As for the valuation of the Andover Property's liens, the bankruptcy court rightfully relied upon the mortgagee's certification. None of the facts found regarding those valuations involved a clear error as this Court is not left with "the definite and firm conviction that a mistake has been committed." *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Although Appellant did surmise that the Andover Property appraised value was "over a million dollars," his statement was based on mere speculation that could not defeat the reliability of the comparative market analysis provided by Weichert Realtors. (Oral Argument, *In re Mbazulike Nwankwo*, No. 2:13-cv-13271, at 10:54am (Bankr. D.N.J. June 17, 2013).) Therefore, no clear error was made with respect to the bankruptcy court's finding for the value of the Andover Property, mortgage, and note.

Furthermore, Judge Gambardella properly relied on *Slack* in deferring to the good-faith business judgment of the Trustee. *See Slack*, 290 B.R. 282, 284 (holding that "[t]he court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority"). Additionally, the bankruptcy court did not abuse its discretion in choosing not to use the speculative valuation provided by Appellant. *Id.* (holding that "[t]he party opposing the abandonment must show some likely benefit to the estate, *not mere speculation* about possible scenarios in which there might be a benefit to the estate") (emphasis added).

Finally, Judge Gambardella did not abuse her discretion in formulating the Order abandoning certain real property because, as discussed above, there was no "error of law or . . .

5

misapplication of law to the facts." *See In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

### IV. CONCLUSION

For the reasons set forth above, the Bankruptcy Court's Order is hereby **affirmed.**

s/Susan D. Wigenton, U.S.D.J.